797 A.2d 1287

**Darrin Bernard RIDGEWAY**

v.

**STATE of Maryland.**

**No. 102, Sept. Term, 2001.**

Court of Appeals of Maryland.

May 8, 2002.

Arthur A. DeLano, Jr., Asst. Public Defender (Stephen E. Harris, Public Defender, on brief), Baltimore, for petitioner.

Shannon E. Avery, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen. of Md., on brief), Baltimore, for respondent.

Argued before BELL, C.J., ELDRIDGE, RAKER, WILNER, CATHELL, HARRELL, and BATTAGLIA, JJ.

BATTAGLIA, Judge.

We are tasked to clarify the scope of authority that Maryland Rule 4–345 vests in the trial court to correct illegal sentences. The petitioner, convicted of two counts of first degree assault and three counts of reckless endangerment, was initially (and erroneously) sentenced for five counts of first degree assault. Having been advised of the error, the

trial judge recalled the parties, vacated the sentences for three of the first-degree assault charges and imposed sentences for three reckless endangerment counts. The petitioner requests that this Court consider whether the actions taken by the trial court were legal pursuant to Rule 4–345.

## I. Background

At 4:00 a.m. on July 22, 1998, the petitioner, Darrin Bernard Ridgeway, discharged a twelve-gauge shotgun three times into a mobile home in Laurel, Maryland. Two individuals, Richard Morgan Kinney and Beth Hanning, were struck in the legs as they slept. Three young girls also were present in the trailer home at the time of the shooting; although terrified by the shotgun blasts, they were not injured in the attack.

The petitioner alleged that the shooting was in retaliation for a kidnaping and assault initiated a few weeks earlier by three men, known to him as Man, Shawn and Pete, who accused the petitioner of stealing Seven Thousand Dollars worth of crack cocaine from them. The petitioner reported the assault to the Howard County Police Department on July 11, 1998, and explained to the authorities that his assaulters were involved in a drug distribution organization. The petitioner also gave additional information about several other people involved in the selling of crack cocaine, including disclosing to police officials that one of the victims, Richard Morgan Kinney, often allowed the three men to use his trailer home and car for the distribution of drugs.

During the interim between the assault allegedly inflicted upon the petitioner and the petitioner's attacks on the trailer home and its occupants, the petitioner stayed with two friends who ultimately testified that he informed them of his intention to kill the men who had kidnaped and threatened him. The friends also testified that the petitioner came to them after the shootings of July 22, 1998 and informed them of his actions, specifically that the petitioner fired a shotgun through the front door of an apartment that he believed the three men

used, and then went to Kinney's trailer and fired three times into it.

Among other related charges, the petitioner was indicted for five counts of first degree assault and five counts of reckless endangerment related to the two adults and three children in Kinney's trailer home. On October 27, 1999, following a jury trial in the Circuit Court for Howard County, the petitioner was convicted of two counts of first degree assault (for the assault on Richard Morgan Kinney and Beth Hanning) and three counts of reckless endangerment (one for each girl in the vicinity of the shotgun blast).

At the subsequent sentencing hearing on April 20, 2000, the trial judge imposed consecutive sentences on five counts of first degree assault. The judge stated, in relevant part:

All right, sentence is as follows: As to count one, Mr. Kinney—I'm satisfied that Mr. Kinney was in the drug business. He associated with drug people and, uh, that's how Mr. Ridgeway knew him and knew about his trailer. But even Mr. Kinney, even Mr. Kinney is entitled to be protected from being shot down in the middle of the night. So as to count one, the sentence is five years in the Department of Corrections. Now we get to all the innocent people. Count five, as to Beth Ann Hanning, the sentence is ten years, that sentence to run consecutive to the count one. As to nine, as to count nine, that's as to little Erica Kirkbirde, the sentence is ten years in the Department of Corrections, that sentence to run consecutive to count five. Sentence is as to count thirteen, count thirteen is little Erica Tyler–Thornburg, the sentence is ten years to run consecutively to the sentence imposed in count nine. As to count seventeen, that's little ... Danielle Tyler–Thornburg ... the sentence is ten years in the Department of Corrections, that sentence to run consecutive to the sentence imposed in count thirteen. And as to count twenty-two, the malicious destruction of property, the Court will suspend the imposition of sentence generally. The Court regards the other counts as to second degree and reckless endangerment as

merged. Total of forty-five years to be served in the Department of Corrections.

After the sentence was imposed, the petitioner was advised of his post-trial rights and the parties were excused. Upon discovering a discrepancy between the verdict sheet and the commitment record, the clerk's office notified the trial judge of the error. Three hours after the parties were dismissed, the trial judge recalled the parties to correct the apparent error.[1] The court had imposed sentences for the first degree assault charges with respect to each of the children who were in the trailer when the petitioner shot into the trailer home. The jury, however, had acquitted the petitioner of these charges. The court explained that it regarded "the imposition of sentence in a count for which Mr. Ridgeway was found not guilty to be an illegal sentence." Therefore, to correct the illegal sentence, the court struck the three ten-year consecutive sentences for first degree assault upon the young girls and imposed three five-year consecutive sentences for each count of reckless endangerment for the young girls. Defense counsel noted an objection to any re-sentencing on the reckless endangerment counts.

The petitioner appealed his sentences on the reckless endangerment counts to the Court of Special Appeals arguing that the new sentences amounted to an increase from zero years to five years for each count in violation of Rule 4–345. The Court of Special Appeals disagreed and affirmed the sentences imposed by the Circuit Court. See *Ridgeway v. State*, 140 Md.App. 49, 779 A.2d 1031 (2001). The petitioner sought, and we granted, a writ of certiorari to consider the

---

1. The trial judge indicated that some of the confusion may have resulted from the fact that the charges on the verdict sheet were reversed from the order in which the counts appeared in the indictment. The counts in the indictment were grouped with respect to each victim, beginning with all charges for assault, reckless endangerment, etc. against Kinney and progressing to the charges against Hanning and the three young girls. The counts in the verdict sheet, however, were grouped with respect to each crime and progressed from the least severe charges to the most severe charges, irrespective of the victim against whom the crime was perpetrated.

propriety of the trial judge's imposition of five-year sentences for each of petitioner's three reckless endangerment convictions after the vacatur of the prior ten-year sentences for each first degree assault.

## II. Discussion

A court's revisory power with respect to the sentencing of a criminal defendant is provided in Maryland Rule 4–345, which states in part:

(a) Illegal sentence. The court may correct an illegal sentence at any time.

(b) Modification or reduction—Time for. The court has revisory power and control over a sentence upon a motion filed within 90 days after its imposition (1) in the District Court, if an appeal has not been perfected, and (2) in a circuit court, whether or not an appeal has been filed. Thereafter, the court has revisory power and control over the sentence in case of fraud, mistake, or irregularity, or as provided in section (e) of this Rule. The court may not increase a sentence after the sentence has been imposed, except that it may correct an evident mistake in the announcement of a sentence if the correction is made on the record before the defendant leaves the courtroom following the sentencing proceeding.

The dispute in this case, and the decisional issue before this Court, is whether the trial judge's correction of the petitioner's sentence was pursuant to subsection (a) or subsection (b) of Rule 4–345. This distinction is of obvious significance because, as the Rule itself states, an illegal sentence may be corrected at any time, while correcting a mistake in a sentencing order that results in an increased sentence may only occur "before the defendant leaves the courtroom following the sentencing proceedings." Rule 4–345(a) and (b).

The petitioner argues that when the trial court recalled the parties after the initial sentencing hearing, it was modifying a "mistake in the announcement of a sentence" pursuant to subsection (b) of the Rule. The petitioner claims that he was,

in essence, sentenced to zero years of imprisonment for the three reckless endangerment convictions initially, but that his sentence was increased to a total of fifteen years after the court's recall of the parties. Because the petitioner had left the courtroom following the initial sentencing proceeding, the Rule, the petitioner claims, prohibited the subsequent increase in the sentence.

The State argues, and the Court of Special Appeals agreed, that subsection (b) was inapplicable under the circumstances of this case because when the trial court recalled the parties, it was correcting an illegal sentence pursuant to subsection (a) rather than modifying the petitioner's sentence pursuant to subsection (b).

We agree with the State and affirm the judgment of the Court of Special Appeals. The sentences for the three first degree assault convictions were illegal and properly vacated pursuant to subsection(a) of Rule 4–345. A court cannot punish a defendant for a crime for which he or she has been acquitted. Thus, the court's re-sentencing on the reckless endangerment counts was not to correct a mistake, but rather, it was to correct this illegal sentence.

As we have oft stated, the legality of a sentence may be determined at any time, even on appeal. *See* Rule 4–345(a); *see also State v. Kanaras,* 357 Md. 170, 183–84, 742 A.2d 508, 516 (1999); *State v. Griffiths,* 338 Md. 485, 496, 659 A.2d 876, 882 (1995); *Matthews v. State,* 304 Md. 281, 288, 498 A.2d 655, 658 (1985) (quoting *Walczak v. State,* 302 Md. 422, 427, 488 A.2d 949, 951 (1985)). In *Walczak v. State,* 302 Md. 422, 488 A.2d 949 (1985), we explained that, "when the trial court has allegedly imposed a sentence not permitted by law, the issue should ordinarily be reviewed on direct appeal even if no objection was made in the trial court. Such review and correction of an illegal sentence is especially appropriate in light of the fact that Rule 4–345(a) … provides that '[t]he court may correct an illegal sentence at any time.' " *Id.* at 427, 488 A.2d at 951. Thus, the trial court's actions were well within its authority as prescribed by Rule 4–345(a). In fact,

had the trial court not acted to correct the illegal sentence, the Court of Special Appeals and this Court would have similar authority to correct the petitioner's sentence by vacating and remanding to the trial court for resentencing.

The petitioner incorrectly attempts to apply our holding in *State v. Sayre*, 314 Md. 559, 552 A.2d 553 (1989), to the circumstances in his case. The factual basis for the *Sayre* holding is exemplary of that which was intended to be prohibited under subsection (b), and a brief discussion of the differences will assist in distinguishing and clarifying the factual predicate for rulings pursuant to subsections (a) and (b). The defendant in *Sayre* was convicted of assaulting a prison guard; at sentencing, the trial court inadvertently sentenced the defendant to serve a five-year sentence "concurrent with," rather than "consecutive to," the sentences he was already serving. *Id.* at 560–61, 552 A.2d at 553–54. The prosecutor informed the court of the mistake within moments of the initial sentencing; the court thereafter re-called the defendant to modify the sentence to run "consecutive to" any term he was presently serving and explained that it had "meant to say consecutively" when the sentence was first imposed. *Id.* at 561, 552 A.2d at 554.

Because, with respect to a modification—and particularly an increase—of a *legal* sentence, it is not always possible "to distinguish between an inadvertent slip of the tongue and a true change of mind," *id.* at 564, 552 A.2d at 555, and because we were "unwilling to allow a procedure that [would] permit an inquiry of the sentencing judge's subjective intent," *id.* at 565, 552 A.2d at 556, we held that "once sentence has been imposed, there can be no inquiry into intention or inadvertence" under Rule 4–345(b). *Id.*[2]

---

**2.** At the time of the *Sayre* decision, Rule 4–345(b) provided that a "court may modify or reduce or strike, but may not increase the length of, a sentence" once it has been imposed. *See Sayre*, 314 Md. at 560, 552 A.2d at 553. The Rule was thereafter amended, in 1992, to permit a limited opportunity for a sentencing judge to correct the pronouncement of a sentence, provided that the error was corrected on the record before the defendant left the courtroom.

Contrary to the case at hand, it is clear that the *Sayre* sentencing court attempted to correct a mistake or a "slip of the tongue" rather than correct an illegal sentence because, quite simply, the original sentence was not illegal. Thus, the trial court in *Sayre* was bound by Rule 4–345(b) and not Rule 4–345(a). *See Sayre*, 314 Md. at 561–62 n. 1, 552 A.2d at 554 n. 1. In the case *sub judice*, however, the trial court erroneously sentenced the petitioner for crimes for which he was not convicted; additionally, the reckless endangerment convictions were erroneously merged with non-existent first-degree assault "convictions."

We digress momentarily to comment on an argument primarily made to and addressed by the Court of Special Appeals regarding the petitioner's contention that the failure to sentence the petitioner on the reckless endangerment counts amounted to a sentence of zero years. We agree with our colleagues in the intermediate appellate court that the failure to sentence for the reckless endangerment count, or the merger of that count with the first degree assault count, does not amount to a sentence of zero years for reckless endangerment. *See Ridgeway*, 140 Md.App. at 61, 779 A.2d at 1038. Again, in the case at bar, the trial judge initially merged the reckless endangerment counts with the first-degree assault charges, of which the defendant was not convicted. The merger of petitioner's charges is unlike the situation with which we were presented in *Fabian v. State*, 235 Md. 306, 313, 201 A.2d 511, 515 (1964), where the defendant was convicted on three counts involving a warehouse break-in but the judge only sentenced him on one of those counts. We held that the failure to impose a sentence on the two counts may be treated as a suspended sentence for purposes of allowing the defendant to appeal those convictions. *Id.* The trial court in the case *sub judice* did not suspend sentence on the reckless endangerment counts altogether, nor did it sentence the petitioner to zero years for those counts; rather the record in this case unequivocally shows that the trial court (1) erroneously imposed a sentence based on the acquitted first-degree assault counts and (2) erroneously, and arguably impossibly, merged

the reckless endangerment convictions with the counts of first-degree assault, for which the petitioner was acquitted. It is patently obvious that the court's initial sentences constituted illegal sentences and not merely a mistaken pronouncement of a legal sentence. Thus, Rule 4–345(a) is the applicable provision, as the sentencing court's decision to recall the parties was unequivocally and necessarily to correct the illegal sentence. The petitioner's subsequent sentences for the reckless endangerment counts were legally imposed. We affirm the judgment of the Court of Special Appeals.

*JUDGMENT OF THE COURT OF SPECIAL APPEALS AFFIRMED WITH COSTS.*

WILNER, J., concurs and files a separate opinion, in which RAKER, J., joins.

WILNER, Judge, concurring, joined by RAKER, J.

I concur in the result. I write separately because, although the Court reaches the right result, it has not adequately addressed the issue actually raised by the petitioner.

As a result of shooting into the trailer occupied by five persons—two adults and three children—Ridgeway was charged with five counts, each, of first degree assault, second degree assault, attempted first degree murder, and reckless endangerment, and two counts of malicious destruction of property (one over $300 and one under $300). With respect to the two adults, the jury convicted him of first and second degree assault and reckless endangerment. As to the three children, the jury acquitted him of the assaults and convicted only of reckless endangerment. It also convicted of malicious destruction of property under $300. Notwithstanding the acquittals on three of the first and second degree assault charges, the court imposed five consecutive sentences for first degree assault—five years with respect to the male adult victim and ten years each with respect to the female adult and the three children. The court suspended imposition of sentence on the malicious destruction of property conviction and

said that it regarded the other counts of second degree assault and reckless endangerment as merged.

When apprised that Ridgeway had been acquitted of the assault charges with respect to the children, the court struck the sentences imposed on those counts as illegal and entered consecutive sentences of five years each on the reckless endangerment convictions. In this appeal, Ridgeway construes the court's initial action as a merger of the reckless endangerment convictions into the assault convictions and thus as a deliberate decision not to impose any sentence on the former. From that, he argues that, when the court later imposed the five-year sentences, it was effectively increasing the sentences from zero to five years, which, under the circumstances, Maryland Rule 4–345(b) forbids.

This Court finds no error in the reckless endangerment sentences, and I agree with that conclusion. It reaches that result, however, by treating the entire matter as simply the correction of illegal sentences. In so doing, it inappropriately collapses two different issues into one. Certainly, the striking of the three sentences imposed for assaulting the children represented the correction of illegal sentences. One cannot impose a sentence upon a charge of which the defendant was acquitted. That left the court with three reckless endangerment convictions for which no sentence had yet been imposed. To the extent that the court had previously announced a merger of those convictions, no such merger could lawfully have occurred as to the three counts involving the children, as there were no assault convictions into which they could be merged. That is a simple point, but it is one that should be made, as it lies at the heart of Ridgeway's argument. At that point, the court could, if it wished, have declined to enter any sentence on the reckless endangerment convictions. It was not compelled, as part of correcting the illegal sentences imposed on the assault convictions, to do anything with respect to the reckless endangerment convictions. The imposition of lawful sentences upon those three reckless endangerment convictions, therefore, was not part of or justified by the correction of any illegal sentence but was simply the act of

entering initial sentences upon convictions for which no sentences had yet been imposed. That is why the sentences are lawful—the same as if the court had initially deferred imposing sentence on those convictions.

Judge RAKER has authorized me to state that she joins in this concurring opinion.