866 A.2d 151

**Kerwin JONES**

v.

**STATE of Maryland.**

**No. 59, Sept. Term, 2004.**

Court of Appeals of Maryland.

Jan. 20, 2005.

William E. Nolan, Asst. Public Defender (Nancy S. Forster, Public Defender, on brief), Baltimore, for Petitioner.

Mary Ann Ince, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen. of MD, on brief), Baltimore, for Respondent.

Argued before BELL, C.J., RAKER, WILNER, CATHELL, HARRELL, BATTAGLIA and GREENE, JJ.

BATTAGLIA, Judge.

This case requires us to determine whether a guilty verdict must be orally given prior to a request to have the jury polled and hearkened [1] to its verdict. We conclude a sentence is illegal if based upon a verdict of guilt that is not orally announced [2] in open court in order to permit the jury to be polled and hearkened to the verdict.

## I. Background

On November 5, 2001, Kerwin Jones held up Mohammed Shaik at gunpoint as Shaik was walking to the First Union Bank at 1515 Reisterstown Road to make a deposit encased in a money bag from the gas station where he was employed. Shaik struggled with Jones, and within moments, Jones had shot Shaik in the leg, had run from the scene, and entered a car driven by Samuel Murray. Through their investigation, the police determined that Jones was the individual who shot Shaik.

---

1. Hearken is defined by the Random House Dictionary of the English Language as "to give heed or attention to what is said." RANDOM HOUSE DICTIONARY OF THE ENGLISH LANGUAGE, "hearken" (2 ed. unabridged 1987). Although there is an alternate spelling, i.e. "harken," in prior opinions of this Court, when using "hearken" as a term of art, we have consistently used this spelling. *See Galloway v. State,* 371 Md. 379, 404, 809 A.2d 653, 669 (2002); *Bishop v. State,* 341 Md. 288, 290, 670 A.2d 452, 454 (1996); *Hoffert v. State,* 319 Md. 377, 381, 572 A.2d 536, 539 (1990); *Rice v. State,* 311 Md. 116, 129, 532 A.2d 1357, 1363 (1987).

2. Maryland Rule 4-327(b) provides that the parties may consent to a sealed verdict, which permits the jury to separate during a temporary adjournment of the court and reassemble when then the court is again in session. These verdicts are not final, however, until the jury is recalled and the verdicts are "received as other verdicts," Md. Rule 4-327(b), which we hold requires oral announcement, polling, if requested, and hearkening.

On November 19, 2001, Jones was arrested; the police executed a search warrant on Jones's home and discovered a bulletproof vest, ammunition, and a box for a .380 semiautomatic handgun. Thereafter, Jones and Murray were charged in one indictment: Jones was charged with two counts of assault in the first degree,[3] attempted robbery with a dangerous and deadly weapon,[4] attempted robbery,[5] attempted theft and theft,[6] three counts of wearing, carrying or transporting a

---

**3.** Md. Code (1957, 1996 Repl. Vol.), Art. 27, § 12A–1 defines first degree assault as:

(a) *Serious physical injury; use of a firearm.*—(1) A person may not intentionally cause or attempt to cause serious injury to another. (2) A person may not commit an assault with a firearm, including: (i) A handgun, antique firearm, rifle, shotgun, short-barreled shotgun, or short-barreled rifle, as those terms are defined in § 36F of this article; (ii) An assault pistol, as defined in § 36H–1 of this article; (iii) A pistol, revolver, or antique pistol or revolver, as those terms are defined in § 441 of this article; (iv) An assault weapon, as defined in § 481E of this article; (v) A machine gun, as defined in § 372 of this article. (b) *Penalty.*—A person who violates this section is guilty of the felony of assault in the first degree and on conviction is subject to imprisonment for not more than 25 years.

Section 12A–1 was recodified without substantive change as Md.Code (2002, 2004 Supp.), § 3–202 of the Criminal Law Article.

**4.** Md. Code (1957, 1996 Repl. Vol.), Art. 27 § 488 provides:

Every person convicted of the crime of robbery or attempt to rob with a dangerous or deadly weapon or accessory thereto is guilty of a felony, shall restore to the owner thereof the thing robbed or taken, or shall pay him the full value thereof, and be sentenced to imprisonment for not more than 20 years.

Section 488 was recodified without substantive change as Md.Code (2002, 2004 Supp.), § 3–403 of the Criminal Law Article.

**5.** Md. Code (1957, 1996 Repl. Vol.), Art. 27 § 486 provides:

Every person convicted of the crime of robbery or attempt to rob, or as accessory thereto before the fact, is guilty of a felony, shall restore the thing taken to the owner, or shall pay to him the full value thereof, and be sentenced to imprisonment for not more than 15 years.

Section 486 was recodified without substantive change as Md.Code (2002, 2004 Supp.), § 3–402 of the Criminal Law Code.

**6.** Md. Code (1957, 1996 Repl. Vol.), Art. 27 § 342 provides:

handgun,[7] and three counts of possession of a restricted firearm.[8] The charges against Murray were identical to those

(a) *Obtaining or exerting unauthorized control.*—A person commits the offense of theft when he willfully or knowingly obtains control which is unauthorized or exerts control which is unauthorized over property of the owner, and:

(1) Has the purpose of depriving the owner of the property; or

(2) Willfully or knowingly uses, conceals, or abandons the property in such manner as to deprive the owner of the property; or

(3) Uses, conceals, or abandons the property knowing the use, concealment, or abandonment will probably deprive the owner of the property.

\* \* \*

(f) *Penalty.*—(1) A person convicted of theft where the property or services that was the subject of the theft has a value of $300 or greater is guilty of a felony and shall restore the property taken to the owner or pay him the value of the property or services, and be fined not more than $1,000, or be imprisoned for not more than 15 years, or be both fined and imprisoned in the discretion of the court.

Section 342 was recodified without substantive change as Md.Code (2002, 2004 Supp.), § 7–104 of the Criminal Law Article.

7. Md. Code (1957, 1996 Repl. Vol.), Art. 27 § 36B provides in pertinent part:

(b) *Unlawful wearing, carrying, or transporting of handguns; penalties.*—Any person who shall wear, carry, or transport any handgun, whether concealed or open, upon or about his person, and any person who shall wear, carry or knowingly transport any handgun, whether concealed or open in any vehicle traveling upon the public roads, highways, waterways, or airways or upon roads or parking lots generally used by the public of this State shall be guilty of a misdemeanor; and it shall be a rebuttable presumption that the person is knowingly transporting the handgun; and on conviction of the misdemeanor shall be fined or imprisoned....

(d) *Unlawful use of handgun or antique firearm in commission of crime; penalties.*—Any person who shall use a handgun or an antique firearm capable of being concealed on the person in the commission of any felony or any crime of violence as defined in § 441 of this article, whether operable or inoperable at the time of the offense, shall be guilty of a separate misdemeanor....

Section 36B was recodified without substantive change as Md.Code (2002, 2004 Supp.), §§ 4–202 to 4–205 of the Criminal Law Article.

8. Md. Code (1957, 1996 Repl. Vol.), Art. 27 § 445(d) provides:

(d) *Restrictions on possession—In general.*—A person may not possess a regulated firearm if the person:

(1) Has been convicted of:

(i) A crime of violence;

against Jones, except that Murray was not charged with three counts of possession of a firearm by a person previously convicted of a felony or crime of violence or the theft count. On September 30, 2002, trial began, and on its third day, the State abandoned Counts one (assault—in the first degree), four (assault in the first degree), five (attempted theft), and eight (use of a handgun in the commission of a felony). The Court also entered judgments of acquittal for Counts six (wearing, carrying, or transporting a handgun) and twelve (theft); and entered judgments *nolle prosequi* at the request of the State for Counts ten (possession of a firearm by a person convicted of a violent crime classified as a felony) and eleven (possession of a firearm by a person convicted of a violent crime classified as a misdemeanor). On the same day, the jury received instructions from the judge, a verdict sheet, and began its deliberations on the remaining four counts against Jones: attempted robbery with a dangerous and deadly weapon (Count two), attempted robbery (Count three), possession of a firearm by a person convicted of a crime of violence (Count nine), and use of a handgun in the commission of a crime of violence (Count seven), and three counts against Murray: attempted robbery with a dangerous and deadly weapon (Count two), attempted robbery (Count three), and the use of a handgun in the commission of a crime of violence (Count seven).

After deliberating for approximately two hours, the jury returned a guilty verdict against Murray on all three counts and was polled and hearkened to the verdict. In the proceedings pertaining to Jones,[9] the following dialogue ensued:

---

(ii) Any violation classified as a felony in this State;

(iii) Any violation classified as a misdemeanor in this State that carried a statutory penalty of more than 2 years; ...

Section 445(d) was recodified without substantive change as Md.Code (2003), § 5–133 of the Public Safety Article.

9. Although the completed verdict sheet, signed by the foreperson, was filed in the record, no mention of mechanically how that was accomplished appears in the trial transcript. We presume, as does the State, that the foreperson handed it to the courtroom clerk who, in turn, filed

THE CLERK: Madam forelady, ladies and gentlemen of the jury, have you agreed upon a verdict in the case of *State v. Kerwin Jones,* case number 01–CR–4391.

JUROR: We have.

THE CLERK: Who shall say for you?

JUROR: Our forelady.

THE CLERK: Madam forelady, if you would stand. As to the case 01–CR–4391, *State of Maryland v. Kerwin Jones,* how do you find as to attempted robbery with a dangerous and deadly weapon, not guilty or guilty as charged?

MADAM FORELADY: Guilty as charged.

THE CLERK: As to Count two, attempted robbery, not guilty or guilty as charged?

MADAM FORELADY: Guilty as charged.

THE CLERK: As to possession of a handgun in the commission of a crime of violence, not guilty or guilty as charged?

MADAM FORELADY: Guilty as charged.

MR. PARVIZIAN [counsel for Jones]: Would you poll the ladies and gentlemen of the jury please.

THE CLERK: You can be seated. The Court has recorded in the aforesaid case, in case number 01–CR–4391, *State of Maryland v. Kerwin Jones* you have found a verdict of guilty of attempted robbery with a dangerous and deadly weapon, you have found him guilty of attempted robbery, and you have found him guilty of the use of a deadly weapon in the commission of a crime of violence. Is that your verdict juror number 1?

The clerk polled the jurors individually and each juror responded affirmatively. The clerk then hearkened the jury to the verdict stating:

Hearken to the verdict as the Court has recorded it, in case No. 01–CR–4319, *State of Maryland v. Kerwin Jones,* your

---

it in the court jacket. The verdict sheet reflected that Jones was found guilty of each of the four counts submitted.

forelady said that you find him guilty of attempted robbery with a dangerous and deadly weapon; find him guilty of attempted robbery, find him guilty of possession of a handgun in the commission of a crime of violence and so say you all?

JUROR[S]: Yes.

The trial court then excused the jury and postponed sentencing for Jones until November 6, 2002, without there having been any acknowledgment of the discrepancy between the verdict sheet upon which Jones was found guilty of the four Counts submitted and the hearkened verdicts.

On November 6, 2002, Jones was sentenced to twenty years incarceration for the charge of attempted robbery with a dangerous and deadly weapon (Count two), twenty years incarceration without the possibility of parole for the first five years for the use of a handgun in the commission of a crime of violence (Count seven), and five years incarceration for the possession of a firearm by a person previously convicted of a felony or crime of violence (Count nine).[10] Each of the sentences was to be served concurrently. Jones did not object to the imposition of the sentence for the use of a firearm after a conviction, which had not been orally conveyed in the courtroom and to which the jury had not been polled or hearkened.

On March 26, 2003, Jones noted his appeal to the Court of Special Appeals. Before that court, Jones argued that "his conviction for possession of a firearm by a person previously convicted of a felony or crime of violence should not stand because the jury foreman did not announce the guilty verdict in open court." In an unpublished opinion, the Court of Special Appeals noted, where it is unmistakable that the jury found the defendant guilty, "substance will prevail over form even if the guilty verdict is not announced and even if it is neglected again when the jury is polled." Ultimately, the

---

**10.** The attempted robbery conviction (Count three) merged with the attempted robbery with a dangerous and deadly weapon conviction (Count seven) for the purposes of sentencing.

court declined to disturb the sentence imposed for the firearm possession charge and concluded that the issue was not properly preserved by Jones because he had failed to object at any time when the verdict was delivered or when he was sentenced.

Jones filed a petition for writ of certiorari in this Court for consideration of the following question:

When a jury returns a verdict sheet showing a guilty verdict, but fails to announce the verdict in open court, does the trial court violate Maryland Rule 4–327 by accepting the verdict, and does such a violation render the imposed subsequent sentence illegal?

On August 25, 2004, we granted Jones's petition and issued the writ of certiorari. *Jones v. State*, 382 Md. 688, 856 A.2d 723 (2004). We hold that the trial court could not legally impose a sentence for a verdict that was not orally conveyed in open court and to which the jury was neither polled nor hearkened. Therefore, we reverse the decision of the Court of Special Appeals.

## II. Standard of Review

A court's revisory power over a defendant's sentence is provided in Maryland Rule 4–345, which states in relevant part:

(a) Illegal sentence. The court may correct an illegal sentence at any time.

As we have oftentimes stated, a sentence may be corrected even on appeal. *See Evans v. State*, 382 Md. 248, 278, 855 A.2d 291, 308 (2004); *Ridgeway v. State*, 369 Md. 165, 171, 797 A.2d 1287, 1290 (2002); *State v. Kanaras*, 357 Md. 170, 183–84, 742 A.2d 508, 516 (1999); *State v. Griffiths*, 338 Md. 485, 496, 659 A.2d 876, 882 (1995); *Matthews v. State*, 304 Md. 281, 288, 498 A.2d 655, 658 (1985), quoting *Walczak v. State*, 302 Md. 422, 427, 488 A.2d 949, 951 (1985). In *Ridgeway*, we explained that "when the trial court has allegedly imposed a sentence not permitted by law, the issue should ordinarily be reviewed on direct appeal even if no objection was made in the trial

court. Such review and correction of an illegal sentence is especially appropriate in light of the fact that Rule 4–345(a) . . . provides that '[t]he court may correct an illegal sentence at any time.' " *Ridgeway*, 369 Md. at 171, 797 A.2d at 1290, quoting *Walczak*, 302 Md. at 427, 488 A.2d at 951; *see also Evans*, 382 Md. at 278, 855 A.2d at 308–09.

## III. Discussion

■ Jones argues that because the verdict for the charge of possession of a firearm by a person previously convicted of a felony or crime of violence was not orally announced in open court, the trial court's imposition of sentence on that count was illegal. He asserts that Maryland Rule 4–327(a)[11] requires that the verdict not merely be handed to the clerk but that it also be read aloud into the record. He maintains that announcement in open court is required because of its relationship to a party's right to poll the jury as a means of ensuring the unanimity of the verdict. Alternatively, Jones states, the announcing in open court permits polling of jurors to that verdict if requested to do so and hearkening of the jury to that verdict. He asserts that because the verdict was not announced in open court, he was deprived of his opportunity to poll the jury and the jury was never properly hearkened to Count nine of the indictment, possession of a firearm by a person previously convicted of a felony or crime of violence. As such, Jones notes that there was no assurance that the guilty verdict on the verdict sheet with respect to Count nine was in fact unanimous. Jones argues that the use of "shall" in Rule 4–327(a) makes the announcing of the verdict in open court mandatory for the verdict to be effective.

Conversely, the State urges this Court to affirm the decision reached by the Court of Special Appeals. The State asserts that Jones did not properly preserve this issue for appeal because he did not bring the missing verdict for Count nine to

---

11. Maryland Rule 4–327(a) states:
 (a) Return. The verdict of a jury shall be unanimous and shall be returned in open court.

the trial court's attention and did not object at the time the trial court imposed the sentence. Moreover, the State contends that Jones should have objected to the trial court's instruction that the jury was to return its verdict on the verdict sheet if he intended to argue that to "return" a verdict requires it to be announced in open court rather than simply recorded on a form that appears in the record.

The State argues that the probable handing of the verdict sheet to the clerk should be considered "returning" the verdict in open court for the purposes of Rule 4–327(a). It maintains that Jones's claim regarding the failure to announce the verdict with respect to Count nine should only be considered an attack on the form of the verdict rather than its substance. The State asserts that the delivery of the verdict sheet to the clerk in open court in Jones's presence satisfied the requirements of Maryland Rule 4–327. Therefore, according to the State, there is no support for Jones's claim that the verdict at issue is invalid.

### A. Historic Procedures for Returning the Verdict

The protocol for the return of verdicts at trial in Maryland in the late Nineteenth Century was articulated in *Givens v. State,* 76 Md. 485, 487, 25 A. 689, 689 (1893):

When the jury have come to a unanimous determination with respect to their verdict, they return to the box to deliver it. The clerk then calls them over, by their names, and asks them whether they agree on this verdict, to which they reply in the affirmative. He then demands who shall say for them, to which they answer, their foreman. This being done, he desires the prisoner to hold up his right hand and addresses them: 'Look upon the prisoner at the bar; how say you, is he guilty of the matter whereof he indicted or not guilty?' The foreman then answers guilty or not guilty, as the verdict may be. The officer then writes the word 'guilty' or 'not guilty' as the verdict is, on the record and again addresses the jury: 'Hearken to your verdict as the court hath recorded it. You say that _____ is guilty (or

not guilty) of the matter whereof he stands indicted, and so say you all.'

This procedure for returning a verdict is nearly identical to those used in the Provincial Court established during the colonial period. *See Proceedings of The Provincial Court, 1666–1667,* at 64 (describing how the jurors returned to the courtroom, the clerk called their names, asked if they agreed on their verdict, and who was to speak for them). Moreover, it was standard practice throughout the rest of the United States as long ago as the early Nineteenth century. *See* James Parker, *The Conductor Generalis,* 323–24 (1801) (providing procedures identical to those used in the Provincial Court); Samuel Freeman, *The Massachusetts Justice,* 40 (1802) (same); Samuel Bayard, *An Abstract of those Laws of the United States Which Relate Chiefly to the Duties and Authority of the Judges of the Inferior State Courts, and the Justices of the Peace, Throughout the Union,* 230 (1804) (same); 1 Joseph Chitty, *A Practical Treatise on the Criminal Law,* 436–37 (1819) (stating that verdicts in criminal cases must be given publicly, not privately, in the accused's presence); 4 Joseph Chitty, *A Practical Treatise on The Criminal Law,* 318, 421 (1819) (providing procedures identical to those used in the Provincial Court of Maryland).

Maryland Rule 4–327(a) and (e)[12] embody the essence of this historical procedure for "returning" a verdict. This Rule is identical to former Maryland Rule 759,[13] which was derived

---

**12.** Maryland Rule 4–327(a) and (e) provide:

(a) Return. The verdict of a jury shall be unanimous and shall be returned in open court.

* * *

(e) Poll of jury. On request of a party or on the court's own initiative, the jury shall be polled after it has returned a verdict and before it is discharged. If the jurors do not unanimously concur in the verdict, the court may direct the jury to retire for further deliberation, or may discharge the jury if satisfied that a unanimous verdict cannot be reached.

**13.** Former Md. Rule 759 provided in pertinent part:

(a) Return. The verdict of a jury shall be unanimous and shall be returned in open court.

from Rule 40 of the Uniform Rules of Criminal Procedure promulgated by the National Conference of Commissioners on Uniform State Laws.[14] Former Md. Rule 759, ed. note. Former Rule 759(a) and (e) were recodified without any change on April 7, 1986 as Maryland Rule 4–327(a) and (e). Md. Rule 4–327(a), (e). Throughout the Rule's many incarnations there has been no comment on what procedures are necessary for a jury to "return" a verdict.

 Nevertheless, we do know that the "return" of a verdict by a jury has been comprised of three distinct procedures, each fulfilling a specific purpose. After the jury returned to the jury box to deliver its verdict, the foreman, speaking for the jury, orally answered the inquiry of the clerk and stated the verdict to the trial court. *Givens,* 76 Md. at 487, 25 A. at 689. Although in the colonial period, polling occurred immediately upon the jury's return to the court regardless of a failure to request to do so, *id.,* at some point after 1893, the request to poll the jury came to be made after the oral announcement of the verdict. *Smith v. State,* 299 Md. 158, 166, 472 A.2d 988, 992 (1984). A poll of the jury is conducted to ensure the unanimity of the verdict prior to its entry on the record. *Id.* at 166, 472 A.2d at 991. "The underlying requirement of a final verdict is that it be unani-

---

\* \* \*

(e) Poll of Jury. Upon the request of a party or upon the court's own motion, the jury shall be polled after it has returned a verdict and before the jury is discharged. If upon the poll the jury do not unanimously concur in the verdict, the court may direct the jury to retire for further deliberation or may discharge the jury.

14. Uniform Rules of Criminal Procedure Rule 40 provides in pertinent part:

(b) Return. The verdict shall be unanimous [except as otherwise provided by law]. It shall be returned by the jury to the judge in open court.

\* \* \*

(e) Poll of jury. When a verdict is returned and before it is recorded the jury shall be polled at the request of any party or upon the court's own motion. If upon the poll there is not unanimous concurrence, the jury may be directed to retire for further deliberations or may be discharged.

mous." *Id.* at 163, 472 A.2d at 990. The requirement of unanimity is, of course, a constitutional right set forth in Article 21 of the Maryland Declaration of Rights, which states that "every man hath a right ... to a speedy trial by an impartial jury, without whose unanimous consent he ought not to be found guilty," and implemented through Rule 4–327(a). This Court explained this constitutional right in *Ford v. State,* 12 Md. 514 (1859):

> 'The verdict is the *unanimous* decision made by the jury and reported to the court, on the matters lawfully submitted to them in the course of the trial.' *Unanimity* is indispensable to the sufficiency of the verdict.

*Id.* at 549, quoting 10 *Bacon's Abridged Title Verdict,* 306 (emphasis in original).[15]

A defendant has the absolute right to poll the jury, *Smith,* 299 Md. at 165, 472 A.2d at 991. As this Court asserted over a century ago in *Williams v. State,* 60 Md. 402, 403 (1883): "[A defendant is] entitled, as a matter of right, to a poll of the jury, and he [may] not be convicted, except upon the concurrence of each juror." *See* L. HOCHHEIMER, The Law of Crimes and Criminal Procedure (2d ed. 1904) § 179. In order to exercise the right to poll, the defendant must request to poll the jury. Md. Rule 4–327(e). The procedure for polling is set forth in Maryland Rule 4–327(e), which provides:

> (e) Poll of jury. On request of a party or on the court's own initiative, the jury shall be polled after it has returned a verdict and before it is discharged. If the jurors do not unanimously concur in the verdict, the court may direct the jury to retire for further deliberation, or may discharge the jury if satisfied that a unanimous verdict cannot be reached.

"The assent of each juror [polled] must be free and unqualified." *Smith,* 299 Md. at 167, 472 A.2d at 992, quoting *Hochheimer* § 179. When a poll is demanded, the verdict

---

**15.** The right to a unanimous verdict, however, may be duly waived by the express consent of the defendant, State, and court. *See State v. McKay,* 280 Md. 558, 567, 375 A.2d 228, 233 (1977).

becomes final only upon its acceptance after the poll. *Smith,* 299 Md. at 168, 472 A.2d at 993.

After polling, the third step occurs when the jury is hearkened to its verdict as "the traditional formality announcing the recording of the verdict." *Id.* It was once required that "a demand to poll the jury had to precede the recordation of the verdict upon hearkening. Once a verdict was hearkened it was 'too late to poll the panel.'" *Id.* at 166, 472 A.2d at 992, quoting *Ford v. State,* 12 Md. 514, 546 (1859). We since have determined that a demand to poll the jury may be made at any time in the proceeding prior to the discharge of the jury. *Id.* at 167, 472 A.2d at 992. Hearkening of the jury to the verdict, like polling the jury, is conducted to "secure certainty and accuracy, and to enable the jury to correct a verdict, which they have mistaken, or which their foreman has improperly delivered." *Id.* at 165, 472 A.2d at 991, citing *Givens,* 76 Md. at 488, 25 A. at 689–90. It is in the absence of a demand for a poll that a hearkening is required for the proper recordation of a verdict. *Id.* at 166, 472 A.2d at 992. As previously stated, "Under our practice the hearkening of a verdict is the traditional formality announcing the recording of the verdict. A jury poll has the same effect." *Id.,* citing *Ross v. State,* 24 Md.App. 246, 254, 330 A.2d 507, 512 (1975). Traditionally, hearkening removed the case from the jury's consideration; however, because the parties and the trial court retain the right to poll the jury until its discharge after hearkening, where polling the jury follows its hearkening, the poll of the jury performs the same function. *Smith,* 299 Md. at 168, 472 A.2d at 993.

## B.

The State argues that the probable handing of the verdict sheet to the clerk constitutes a proper "return" of the jury's verdict for Count nine. We, however, disagree. "Returning" the verdict in open court mandates an oral announcement of the verdict upon the conclusion of the jury's deliberations to enable the defendant to exercise the right to poll the jury as to the verdicts. Furthermore, orally announcing each

count of the verdict prevents possible confusion during polling and hearkening where there are multiple counts considered by the jury, as in the present case. This conclusion is not only consistent with our own jurisprudence, but also has been recognized by those of our sister jurisdictions which have addressed the issue.[16] Therefore, we conclude that for a verdict to be considered final in a criminal case it must be announced orally to permit the defendant the opportunity to exercise the right to poll the jury to ensure the verdict's unanimity.[17] This was not done with respect to Count nine,

---

16. *See State v. Williams*, 99 Ohio St.3d 493, 794 N.E.2d 27, 38 (2003) (holding that "[a] verdict is final if (1) the deliberations are over, (2) the result is announced in open court, and (3) the jury is polled and no dissent is registered."); *Daniley v. State*, 274 Ga. 474, 554 S.E.2d 483, 485 (2001) (stating that "no legal verdict occurs until it is received and published in open court."); *State v. Hightower*, 146 N.J. 239, 680 A.2d 649, 659 (1996) (observing that neither a stalemate nor a verdict becomes final until announced in open court); *State v. Kiper*, 181 Ariz. 62, 887 P.2d 592, 598 (Ct.App.1994) (holding that a verdict is final when announced in open court); *State v. Taylor*, 544 So.2d 1387, 1389 (Miss.1989) (setting forth procedures for rendering verdicts which include announcement in open court); *Commonwealth v. Morgan*, 30 Mass.App.Ct. 685, 573 N.E.2d 989, 995 (1991) (stating that a "jury verdict in a criminal case is not effective unless there has been oral affirmance of the verdict by the jurors."); *State v. Reid*, 166 Wis.2d 139, 479 N.W.2d 572, 574 (Ct.App.1991) (concluding that "[a] jury's verdict is not accepted until it is received in open court, the results announced, the jury polled, if requested, and the judgment entered.").

Where the courts determined that the jury must "announce" the verdict without specifying whether it was required to be submitted orally, it appears that an oral announcement was assumed based on the history of the procedures for returning a verdict. *See, e.g., Daniley v. State*, 274 Ga. 474, 554 S.E.2d 483 (2001); *State v. Hightower*, 146 N.J. 239, 680 A.2d 649 (1996); *State v. Reid*, 166 Wis.2d 139, 479 N.W.2d 572 (Ct.App.1991). Thus, it appears to be generally accepted throughout our sister states that the verdict must be announced orally for it to be properly accepted by the court.

17. The State relies on *Government of the Virgin Islands v. Smith*, 558 F.2d 691 (1977), to support its argument that a written verdict is sufficient to be considered a final verdict. The issue, however, is not the form in which the verdict was returned but rather whether proper mechanisms were utilized to ensure the unanimity of the verdict. In *Government of the Virgin Islands v. Smith*, the jury returned a verdict slip signed by all of the jurors, which ensured the unanimity of the verdict. *Id.* at 694. In the case at bar, only the foreperson signed the verdict sheet; there were no means to determine whether all of the

the possession of a firearm by a person previously convicted of a felony or crime of violence, against Jones.[18] Therefore, because the jury was not polled and hearkened to that Count in absence of its oral announcement, the verdict of guilt cannot stand and any sentence apportioned thereto must be vacated. We hold that Jones's sentence of five years imprisonment for the possession of a firearm by a person previously convicted of a felony or crime of violence is an illegal sentence. The judgment of the Court of Special Appeals is reversed.

*JUDGMENT OF THE COURT OF SPECIAL APPEALS REVERSED AS TO COUNT NINE. CASE REMANDED TO THAT COURT WITH DIRECTIONS TO REMAND THE CASE TO THE CIRCUIT COURT FOR BALTIMORE COUNTY FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. COSTS IN THIS COURT AND THE COURT OF SPECIAL APPEALS TO BE PAID BY BALTIMORE COUNTY.*

---

jurors agreed with the verdict marked for Count nine on the verdict sheet. Thus, the verdict sheet in the present case did not ensure a unanimous verdict and the verdict at issue could not properly be accepted, thereby rendering any sentence imposed for Count nine illegal.

18. Jones does not contend that the other verdicts are improper. We have previously held that where verdicts are returned as to some Counts but not others, those verdicts to which the jury is hearkened or polled are legally proper. *See Hoffert*, 319 Md. at 386, 572 A.2d at 541.