75 A.3d 322

Mark JOHNSON

v.

STATE of Maryland.

No. 2759, Sept. Term, 2011.

Court of Special Appeals of Maryland.

Sept. 5, 2013.

Juan P. Reyes (Paul B. DeWolfe, Public Defender, on the brief), Baltimore, MD, for Appellant.

Jeremy M. McCoy (Douglas F. Gansler, Attorney General, on the brief), Baltimore, MD, for Appellee.

Panel: WRIGHT, MATRICCIANI, and LAWRENCE F. RODOWSKY (Retired, Specially Assigned), JJ.

MATRICCIANI, J.

On September 11, 2007, appellant was tried on charges stemming from his high speed chase and apprehension by Baltimore City police, and he was later sentenced to a total of fifteen years' incarceration comprised of two major parts: three five-year sentences for illegal possession of a regulated firearm, with each term to be served consecutively; and three sentences of three years for wearing, carrying or transporting a handgun, with each to be served concurrently with the related charge for illegal possession of a regulated firearm.[1] Each of these charges related to one of three different fire-arms found in appellant's possession: a .357 Magnum hand-gun, a .40 caliber handgun, and a .44 Special handgun. Appellant appealed to this Court and we reversed appellant's convictions for possession of a regulated firearm relating to the .40 caliber and .44 Special handguns. *Johnson v. State,* Sept. Term 2007, No. 1736, slip op. at 19 (filed March 18, 2009) (*"Johnson I "*). Our mandate read:

**JUDGMENT OF THE CIRCUIT COURT FOR BALTI-MORE CITY AFFIRMED IN PART AND REVERSED IN PART. JUDGMENTS REVERSED AS TO APPEL-**

---

1. Appellant was also sentenced to one year of confinement for fleeing or eluding police, to be served concurrently with the remaining charges.

LANT'S CONVICTIONS FOR POSSESSION OF A REG-
ULATED FIREARM BY A PROHIBITED PERSON
RELATING TO THE 40 CALIBER AND 44 SPECIAL
AND CASE REMANDED TO CIRCUIT COURT FOR
RE–SENTENCING ON CONVICTIONS FOR POSSES-
SION OF A HANDGUN IN A VEHICLE WHICH WERE
MADE CONCURRENT TO THE CONVICTIONS
HEREIN REVERSED.

*Johnson I,* slip op. at 19.

On remand, the circuit court resentenced appellant on pos-
session of a regulated firearm by a prohibited person and the
two counts of wearing, carrying or transporting a handgun
which originally ran concurrent to the vacated convictions
from *Johnson I.* The decision was again appealed and on
August 19, 2011, we vacated appellant's sentences for wearing,
carrying, or transporting a handgun and remanded for resen-
tencing in accordance with the mandate from *Johnson I.*
*Johnson v. State,* Sept. Term 2009, No. 1743, slip op. at 7–8
(filed August 19, 2011) (*"Johnson II"*).

On February 7, 2012, the circuit court held a second resen-
tencing and pronounced the following modified terms,[2] totaling
nine years:

> So as to Count 1 in the indictment ending in 105196022,[3]
> the sentence is three years to the Division of Correction to
> run consecutively to Count 1 of the indictment 105196021.[4]
> The sentence as to Count 1 of 105196023 [5] is three years to
> the Division of Correction to run consecutively to Count I of
> the indictments ending in 21 and 22.

---

2. The circuit court did not alter appellant's two sentences related to the
.357 Magnum, or his sentence for fleeing and evading police.

3. The charge of wearing, carrying, or transporting the .40 caliber
handgun.

4. The charge of wearing, carrying, or transporting the .357 Magnum
handgun.

5. The charge of wearing, carrying, or transporting the .44 Special
handgun.

It is from this second resentencing that appellant filed the present appeal, raising two questions, which we quote:

1. Did the trial court illegally increase Appellant's sentences for two counts of wear, carry, or transport of a handgun?

2. Did the trial court err in failing to give Mr. Johnson credit against his new three year sentences for wear, carry, or transport of a handgun for the full three years that he [had] already served starting from September 10, 2007?

For the reasons set forth below, we answer no to both questions and we affirm the judgments of the Circuit Court for Baltimore City.

## DISCUSSION

### I.

Appellant first argues that "[b]ecause [his] sentences for wear, carry, or transport of a handgun had already been run concurrent to the other sentences, the trial court's imposition of consecutive sentences for these counts on remand constituted an illegal increase and must be vacated." Maryland Rule 4–345(a) provides that a court may correct an illegal sentence at any time. An illegal sentence arises in three circumstances: (1) the sentence constitutes cruel and unusual punishment or violates other constitutional requirements; (2) the sentencing judge was motivated by ill will, prejudice or other impermissible considerations; or (3) the sentence is not within statutory limits. *Collins v. State*, 383 Md. 684, 688, 861 A.2d 727 (2004) (citation omitted). The Court of Appeals has explained:

> ... [A] sentence may be corrected even on appeal. *See Evans v. State*, 382 Md. 248, 278 [855 A.2d 291] (2004); *Ridgeway v. State*, 369 Md. 165, 171 [797 A.2d 1287] (2002); *State v. Kanaras*, 357 Md. 170, 183–84 [742 A.2d 508] (1999); *State v. Griffiths*, 338 Md. 485, 496 [659 A.2d 876] (1995); *Matthews v. State*, 304 Md. 281, 288 [498 A.2d 655] (1985), quoting *Walczak v. State*, 302 Md. 422, 427 [488 A.2d 949] (1985). In *Ridgeway*, we explained that "when the trial

court has allegedly imposed a sentence not permitted by law, the issue should ordinarily be reviewed on direct appeal even if no objection was made in the trial court. Such review and correction of an illegal sentence is especially appropriate in light of the fact that Rule 4–345(a) ... provides that 'the court may correct an illegal sentence at any time.'" *Ridgeway*, 369 Md. at 171, 797 [A.2d 1287] quoting *Walczak*, 302 Md. at 427 [488 A.2d 949]; *see also Evans*, 382 Md. at 278 [855 A.2d 291].

*Jones v. State*, 384 Md. 669, 678–79, 866 A.2d 151 (2005).

Appellant argues that when he was last resentenced, the court increased two of his terms without announcing its reasons therefore, in violation of his right to due process and of the further protections in Maryland Code (2006), § 12–702(b) of the Courts & Judicial Proceedings Article ("CJ").[6] *See Davis v. State*, 312 Md. 172, 177, 539 A.2d 218 (1988) ("[B]y the adoption of § 12–702(b) the Legislature intended to codify the due process holding of *North Carolina v. Pearce*, [395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969) ]."). But appellant's argument relies on a false premise, for his sentence was not increased.

In *Butcher v. State*, 196 Md.App. 477, 10 A.3d 201 (2010), this Court examined the effect of the rule of lenity when one sentence in a series of consecutive sentences is vacated.[7]

---

**6.** This subsection provides, as follows:

(b) *Remand for sentence or new trial; limitations on increases in sentences.*—If an appellate court remands a criminal case to a lower court in order that the lower court may pronounce the proper judgment or sentence, or conduct a new trial, and if there is a conviction following this new trial, the lower court may impose any sentence authorized by law to be imposed as punishment for the offense. However, it may not impose a sentence more severe than the sentence previously imposed for the offense unless:

(1) The reasons for the increased sentence affirmatively appear;

(2) The reasons are based upon additional objective information concerning identifiable conduct on the part of the defendant; and

(3) The factual data upon which the increased sentence is based appears as part of the record.

**7.** By "series of consecutive sentences," we mean a set of sentences wherein all sentences but the first one are consecutive to another

After examining the law of Maryland, the law of our sister states, and relevant authorities, we concluded that lenity does not render "orphaned" sentences—those whose related sentence has been vacated—concurrent to all other sentences. *Id.* at 492, 10 A.3d 201. Instead, the vacated sentence is merely removed from the series, and "the next valid consecutive sentence beg[ins] at the time set for the commencement of the invalidated consecutive sentence." *Id.* To make a physical analogy, if a "link" in a "chain" of sentences is removed and leaves two shorter chains, the rule of lenity does not require that they be lain side-by-side (as concurrent sentences); instead, the resentencing court may, in its discretion, piece them together at the site of the broken link (as a new series of consecutive sentences).

Here, appellant was sentenced to a series of three consecutive five-year prison terms (which we will call 1, 2, and 3), with a parallel series of three, three-year prison terms (which we will call A, B, and C), each concurrent to one of the terms in the consecutive series 1, 2, 3. When two sentences in the consecutive series—2 and 3—were vacated on appeal, the sentencing court reimposed their corresponding parallel sentences—B and C—and made them part of a consecutive series—A, B, C—with a total duration of nine years.

The present case differs from *Butcher* in that the parallel sentences—A, B, and C—were not imposed as a series consecutive to *each other.* But the parallel sentences nevertheless fall within the ambit of *Butcher* because each was intended and announced so as to begin only after the expiration of a directly related sentence that was itself part of a consecutive chain. Stated directly, sentence B was concurrent to sentence 2, while sentence 2 was consecutive to sentence 1. While B was not *explicitly* related to sentence 1, logic and the trial court's intent dictated that B could not commence until the expiration of sentence 1, making them consecutive for purposes of sen-

sentence in the set. For example, if sentence A is 5 years, sentence B is 5 years consecutive to A, and sentence C is 5 years consecutive to B, then the set of A, B, and C, is a series of consecutive sentences.

tencing. Similarly, sentence C was concurrent to sentence 3 and so could not commence until the expiration of sentence 2, making those C and 2 consecutive, with sentence 3 serving as an intermediary. In short, because each parallel sentence was concurrent to a term in a consecutive series, the parallel sentences formed a series of consecutive sentences, even if they were not consecutive *to each other*.[8]

Due process was satisfied because each sentence, as reimposed, starts no later than the date that its preceding, invalidated sentence would have commenced as originally imposed: B starts no later than the expiration of 1, and C starts no later than the expiration of 2.[9] There was, therefore, no increase in appellant's sentences for the purposes of due process or CJ § 12–702(b), and we need not examine appellant's argument in any more detail to conclude that it fails as a matter of law.

## II.

Appellant next argues that he was entitled to credit for time served under CJ § 12–702(a) and § 6–218(c) of the Criminal Procedure Article, Maryland Code (2001, 2008 Repl. Vol.) ("CP").[10] We agree, but we need not remand the case for

---

**8.** This is, in essence, an extension of the "transitive property of sentences" that we discussed in *Palmer v. State*, 193 Md.App. 522, 529, 529 n. 7, 998 A.2d 361 (2010).

**9.** In fact, the rule of lenity would have allowed a *harsher* sentence than that imposed at appellant's last sentencing. Rather than making sentence B consecutive to sentence A, the trial court could have preserved the original consecutive relation and imposed B consecutive to sentence 1, for a total sentence of eleven years: five years for 1 (and three years concurrently for A), followed by six consecutive years for B and C.

**10.** Section 12–702(a) of the Criminal Procedure Article states:

(a) *Remand for sentence; mandatory credit for time served.*—If an appellate court remands a criminal case to a lower court in order that the lower court may pronounce the proper judgment or sentence, the lower court shall deduct from the term of the new sentence the time served by the defendant under the previous sentence from the date of his conviction. If the previous sentence was a statutory maximum sentence, the lower court also shall give credit for any

resentencing because this credit is already incorporated into his present, modified sentence. Appellant's commitment record states that the sentences are imposed beginning from the date "9–10–07," which automatically accounts for any time served prior to his resentencing on February 7, 2012. This issue is therefore moot.

**JUDGMENTS OF THE CIRCUIT COURT FOR BALTIMORE CITY AFFIRMED. COSTS TO BE PAID BY APPELLANT.**

period of incarceration prior to the previous sentence, if the incarceration was related to the offense for which the sentence was imposed. Similarly, CP § 6–218(c) provides:

(c) *Credit when prior sentence set aside.*—A defendant whose sentence is set aside because of a direct or collateral attack and who is reprosecuted or resentenced for the same crime or for another crime based on the same transaction shall receive credit against and a reduction of the term of a definite or life sentence, or the minimum and maximum terms of an indeterminate sentence, for all time spent in custody under the prior sentence, including credit applied against the prior sentence in accordance with subsection (b) of this section.