UNITED STATES v. LYNCH.

(District Court, S. D. Alabama. August 5, 1919.)

No. 4652.

CRIMINAL LAW ⊜⟳1001—STAY OF EXECUTION OF SENTENCE—POWER OF COURT.
    A federal court has power, after imposing a sentence of imprisonment on a defendant upon a plea of guilty, to suspend execution of the sentence for a sufficient time to permit an application for .pardon to be made and determined.

Criminal prosecution by the United States against John W. Lynch. On motion to set aside an order suspending execution of sentence. Order modified.

Alex D.. Pitts, U. S. Atty., of Selma, Ala.
Stevens, McCorvey & McLeod, of Mobile, Ala., for defendant.

ERVIN, District Judge.    This matter comes on to be heard on motion of the United States, filed by order of the Attorney General, wherein it is moved "that the defendant be required to enter immediately upon the execution of his sentence, and for grounds of said motion says that the court was without authority of law to suspend the execution of said sentence"; the same having been argued and submitted to the court for consideration.

It appears to the court that on the same day, namely, June 16, 1919, on which the defendant, John W. Lynch, entered his plea of "guilty" and was sentenced by the court to serve in the United States Peni-

⊜⟳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

tentiary at Atlanta, Ga., for a period of two years, that the court thereafter entered the following order: "It being made known to the court that the defendant would apply for executive clemency, it is therefore ordered by the court that the execution of this sentence be and the same is hereby suspended until application for executive clemency is considered."

Contention is now made that the court had no power to enter this order, temporarily suspending the execution of the sentence, and I am cited to the case of Ex parte United States, 242 U. S. 27, 37 Sup. Ct. 72, 61 L. Ed. 129, L. R. A. 1917E, 1178, Ann. Cas. 1917B, 355. In that case the accused pleaded guilty and was sentenced, and the court then immediately entered an order suspending such sentence indefinitely, and it was conceded and admitted that the purpose of this suspension was to relieve the defendant from ever serving the sentence which had just been imposed.

The motion there made was "to set this order aside on the ground that it was not a mere temporary suspension of the sentence to enable legal proceedings, pending or contemplated, to revise it, to be taken, or application for pardon to be made, or any other legal relief against the sentence to be resorted to, but, on the contrary, as it was a permanent suspension, based on considerations extraneous to the legality of the conviction, or the duty to enforce the sentence, the order of suspension was void, as it was equivalent to a refusal to carry out the statute." It will be at once observed that both the motion there made and the contention of the government were entirely different from the motion and contention here made.

In the Killetts Case (Ex parte United States), just referred to, the suspension was indefinite, and conceded to be for the purpose of relieving the defendant of the service of the sentence which had been imposed, and the motion on its face recites that it was not intended to allow application for a pardon to be made. The Supreme Court did not have before it in that case the same question for consideration that is raised in the present one, nor did it consider the question now raised, namely, that the court has no power to enter a temporary suspension to enable the defendant, who may have been convicted and sentenced, to apply for a pardon before being required to enter upon the service of the sentence. While, as I have said, the court did not have before it the question now sought to be raised, it did (242 U. S. on page 44, 37 Sup. Ct. 75, 61 L. Ed. 129, L. R. A. 1917E, 1178, Ann. Cas. 1917B, 355) expressly concede that the trial courts have the power to suspend sentence temporarily for some proper and meritorious purpose, such as an application for executive clemency. The court there used the following language:

"While it may not be doubted under the common law as thus stated that courts possessed and asserted the right to exert judicial discretion in the enforcement of the law to temporarily suspend either the imposition of sentence or its execution when imposed to the end that a pardon might be procured or that a violation of law in either respects might be prevented, we are unable to perceive any ground for sustaining the proposition that at common law the courts possessed or claimed the right which is here insisted upon."

It is true that this expression, so far as that case is concerned, may be said to be dictum; but, whether that be true or not, it was a statement by the highest court, after a careful consideration of the common-law powers of the trial judges, that such judges did have and did exercise the power and discretion to enter a temporary suspension of sentence, in order that applications for executive clemency might be made.

Not only is this true, but the Supreme Court, in recognition of this power and this practice, after ordering that the writ of mandamus issue to Judge Killetts, requiring him to cancel the order of suspension which he had entered, then itself suspended the issuance of this writ of mandamus in order that executive clemency might be asked by the defendant in that case.

We find, therefore, that the Supreme Court not only expressly states in its opinion that the lower courts have this power, but it sets them the example by suspending its sentence, so that one who has reasonable cause to apprehend that executive clemency may be granted to him, shall not suffer the ignominy of entering upon the service of a criminal sentence in the penitentiary, until he has first had the opportunity of having his application for executive clemency considered and passed upon.

Such temporary suspension is not in any manner intended to prevent the service of a sentence in the event executive clemency is not granted. It does not relieve the party sentenced from any part of his sentence, because, when the sentence is entered upon, should executive clemency be denied, the person sentenced will serve the full term for which he has been sentenced. It seems to me that it is granted in an enlightened view of the criminal administration of justice.

I am convinced that this court had the power to make the order objected to, and that the order as made was proper with the possible exception that there was no definite time fixed, within which the person sentenced might have his application for executive clemency considered. Exercising, therefore, the power which I have over this order during the present term, the order will be amended so as to suspend the sentence until November 1, 1919, in order that the petition for executive clemency may be considered, and provided, further, that should executive clemency be denied prior to November 1, 1919, then that the defendant shall immediately thereafter enter upon the performance of the sentence heretofore imposed upon him.