931 A.2d 534

**Neil Morano MONTGOMERY**

v.

**STATE of Maryland.**

**No. 2554, Sept. Term, 2005.**

Court of Special Appeals of Maryland.

Sept. 7, 2007.

Julia D. Barnhart (Nancy Forster, Public Defender, on brief), for appellant.

Steven Holcomb (J. Joseph Curran, Jr., Atty. Gen., on brief), for appellee.

Panel MURPHY, C.J., KRAUSER and WILLIAM W. WENNER, (Retired, specially assigned), JJ.

MURPHY, C.J.

This appeal from the Circuit Court for Charles County presents a variation of the proverb, "No good deed goes unpunished." According to Neil Morano Montgomery, appellant, his violation of probation must go unpunished because of a good deed committed by the circuit court at the time it sentenced appellant for having violated probation. Appellant now argues that the circuit court erroneously denied the Motion to Correct Illegal Sentence that appellant filed on December 21, 2005, and (in the words of his brief) "respectfully requests that this Court vacate, as illegal, the judgment of the court below, imposing [on May 18, 2001] a ten-year sentence to commence on May 18, 2004." According to appellant (in the words of his brief):

I.  THE TRIAL COURT IMPOSED AN ILLEGAL SENTENCE WHERE IT DEFERRED EXECUTION OF THE TEN–YEAR SENTENCE FOR THREE YEARS AND IMPOSED A *DE FACTO* TERM OF PROBATION.

II.  THE TRIAL COURT ACTED ILLEGALLY IN PERMITTING THE EXECUTION OF THE TEN–YEAR SENTENCE AND THE INCARCERATION OF MR. MONTGOMERY WITHOUT A HEARING, BASED ON THE COURT'S BELIEF THAT MR. MONTGOMERY HAD NOT COMPLIED WITH THE CONDITIONS SET BY THE COURT FOR SUSPENSION OF THE BALANCE OF THE TERM OF INCARCERATION.

For the reasons that follow, we shall affirm the judgment of the circuit court.

## Background

Appellant's Motion to Correct Illegal Sentence included the following assertions:

[Appellant] pled guilty on May 18, 2001 . . . to a violation of probation . . ., having been convicted of the crime of Constructive Criminal Contempt for failing to follow a Child

Support Order. The Court sentenced [appellant] on May 18, 2001 to ten (10) years of the twenty (20) year balance [of the sentence originally imposed on April 20, 1993 when appellant entered a plea of guilty to the crime of arson] to begin at 9 a.m. on May 18, 2004, three years after the date that [appellant] pled guilty to the violation of probation. . . .

The Court closed the Maryland Division of Parole and Probation in the case and stated that "if you are of good behavior between now and three years from now I will reconsider it and vacate it and not make you serve another day." [The circuit court] also stated "I reserve the right to advance the date for execution of this 10 years less 55 days if I hear that you run afoul of the law or run afoul of any other order of Court between now and that date." Three years later on May 18, 2004, [appellant] was picked up and incarcerated without a hearing. [Appellant] has been continuously incarcerated since May 18, 2004 without a hearing.

The record shows that the following transpired during appellant's May 18, 2001 sentencing proceeding:

[THE COURT:] The disposition Mr. Montgomery is 10 years of the 10 year balance of the sentence in this case is hereby ordered executed effective at 9 a.m. on May 18th of 2004. That is three years from today. You are entitled to credit against that for 55 days time served prior to today in connection with this probation violation matter.

* * *

[Defense counsel] will automatically file the reconsideration motion. I am automatically going to table it. Mr. Montgomery, I am attaching no particular strings to this. I am telling you if you are of good behavior between now and three years from now I will reconsider it and vacate it and not make you serve another day.

On the other hand, Mr. [K.] is going to see to it that the child support section of his office has the case number, Criminal 92–468 stamped all over its child support files

down there. And they are going to know if you miss a payment that you get 10 years.

     *  *  *

Do you understand me?

[APPELLANT]: Yes, sir.

The record also shows that appellant made no complaint about the sentence he received on May 18, 2001 at any point in time prior to May 18, 2004.

## I.

Appellant's "illegal sentence" argument is controlled by *State v. Wilkins,* 393 Md. 269, 900 A.2d 765 (2006), which makes it clear that by granting appellant (1) a deferred reporting date, and (2) the opportunity to avoid serving "another day," the circuit court did not impose an "illegal" sentence. *See id.* at 273, 900 A.2d 765.

## II.

■ It is true, of course, that a defendant's probation cannot be revoked without a hearing. From our review of the record, however, it is clear to us that the sentence imposed on May 18, 2001 was not "suspended on condition" that appellant successfully complete a period of probation. The circuit court made it expressly clear that (1) appellant's counsel would file a motion for reconsideration, and (2) appellant would not have to "serve another day," provided that appellant's behavior was "good" and appellant had not missed a child support payment.

■ We reject the proposition that a defendant who has been granted a deferred reporting date has been placed on *de facto* probation,[1] even if the defendant is also granted an

---

1. Maryland's "deferred reporting date" procedure is not as formal as the procedure followed by the United States District Court for the District of Maryland, which has a "Surrender by Defendant" form ORDER that authorizes a defendant "to report directly to the institution designated by the Bureau of Prisons," when the sentencing judge "finds by clear and convincing evidence that the defendant is not likely to flee

opportunity to prove that—as a result of what occurs between the date of the sentence and the date on which the defendant must report—he or she is worthy of a sentence reduction. When a defendant has been placed on probation, he or she has a right to *remain* on probation unless and until it has been proven that he or she has *violated* a condition of probation. When a defendant has been sentenced to a term of confinement and granted a deferred reporting date, he or she has no right to avoid serving the term of confinement unless—as is the situation in the case at bar—(1) the sentencing judge promises to reduce the sentence if the defendant satisfies one or more stated conditions, and (2) the defendant satisfies the conditions.

As a result of what occurred during the May 18, 2001 sentencing proceeding, appellant had a right to a hearing on the issue of whether he had taken advantage of the opportunity granted to him.[2] Appellant was not, however, entitled to a "violation of probation" hearing or to assert any of the other rights of a defendant who had been placed "on probation."

**JUDGMENT AFFIRMED; APPELLANT TO PAY THE COSTS.**

---

or pose a danger to the community" during the period of time between the imposition of sentence and the date on which the defendant reports to the institution at which the defendant will be confined.

2. The record shows that appellant made no such request.