950 A.2d 77

Neil Morano MONTGOMERY

v.

STATE of Maryland.

No. 89 Sept. Term, 2007.

Court of Appeals of Maryland.

June 11, 2008.

Peter F. Rose, Asst. Public Defender (Nancy S. Forster, Public Defender, Baltimore), on brief, for Petitioner.

Steven L. Holcomb, Asst. Atty. Gen. (Douglas F. Gansler, Atty. Gen., of Maryland, Baltimore), on brief, for Respondent.

ARGUED BEFORE BELL, C.J., RAKER, HARRELL, BATTAGLIA, GREENE, JJ., and JOHN C. ELDRIDGE and DALE R. CATHELL, JJ. (Retired, Specially Assigned).

JOHN C. ELDRIDGE, Judge (Retired, Specially Assigned).

In this criminal case, the Circuit Court for Charles County convicted the defendant Montgomery of violating the conditions of a previously imposed period of probation. The court sentenced Montgomery to ten years imprisonment for the violation, with no new period of probation involved. The court then deferred for *three years* the date when the defendant was

to report to the Division of Correction and begin serving his sentence. The reason given for the deferral, by the trial judge at sentencing, was that, "if you [Montgomery] are of good behavior between now and three years from now I will reconsider it and vacate it and not make you serve another day." The dispositive issues before this Court are whether the deferred reporting date, based on the reasons set forth by the Circuit Court, was authorized by Maryland Rule 4–348(d)[1] and, if not authorized, whether the sentence amounted to an illegal sentence within the meaning of Maryland Rule 4–345(a).[2] We shall hold that the deferred reporting date, under the circumstances, was not authorized by Rule 4–348(d) and that it constituted an illegal sentence.

## I.

On April 20, 1993, in the Circuit Court for Charles County, Neil Morano Montgomery pled guilty to a single count of arson and was sentenced to twenty-five years of imprison-

---

1.  Maryland Rule 4–348 provides as follows (emphasis added):

    "**Rule 4–348. Stay or execution of sentence.**

    (a) **Sentence of death.** (1) Definition. In this section, 'state post conviction review process' has the meaning stated in Code, Correctional Services Article, § 3–902.

    (2) Stay. A sentence of death shall be stayed during the direct review process and the state post conviction review process.

    (b) **Sentence of imprisonment.** The filing of an appeal or a petition for writ of certiorari in any appellate court, including the Supreme Court of the United States, stays a sentence of imprisonment during any period that the defendant is released pursuant to Rule 4–349, unless a court orders otherwise pursuant to section (d) of that Rule.

    (c) **Fine.** Upon the filing of an appeal or petition of writ of certiorari in any appellate court, a sentence to pay a fine or a fine and costs may be stayed by the court upon terms the court deems proper, but any bond required to stay the payment pending appeal may not exceed the unpaid amount of the fine and costs, if any.

    (D) **Other sentences.** *Any other sentence or any order or condition of probation may be stayed upon terms the court deems proper.*"

2.  Maryland Rule 4–345(a) states:

    "Rule 4–345. Sentencing—Revisory power of court.

    (a) **Illegal sentence.** The court may correct an illegal sentence at any time."

ment. The court suspended all but five years of imprisonment and placed the defendant Montgomery on probation for five years after his release from incarceration. Montgomery served the unsuspended portion of his sentence and was released on probation.

The State on June 9, 2000, filed in the Circuit Court for Charles County a petition alleging that Montgomery had violated a condition of his probation. The alleged violation was that Montgomery had been convicted of criminal contempt for failure to pay child support. The Circuit Court held a hearing on the State's petition on May 18, 2001, at which Montgomery admitted that he had committed the violation of probation. After questioning Montgomery about his employment with a home improvement contractor in Charles County, about his place of residence, and whether Montgomery would have transportation from his home to his place of employment, the Circuit Court at the May 18, 2001, hearing announced the sentence as follows (emphasis added):

"The disposition Mr. Montgomery is 10 years of the 20 year balance of the sentence in this case is hereby ordered executed *effective at 9 a.m. on May 18th of 2004. That is three years from today.* You are entitled to credit against that for 55 days time served prior to today in connection with this probation violation matter.

"The interest of the Maryland Division of Parole and Probation in this . . . case is closed. Any uncollected fees are determined to be uncollectible."

\* \* \*

"[Defense Counsel] will automatically file [a] reconsideration motion. I am automatically going to table it. Mr. Montgomery, I am attaching no particular strings to this. I am telling you *if you are of good behavior between now and three years from now I will reconsider it and vacate it and not make you serve another day.*

"On the other hand [the Assistant State's Attorney] is going to see to it that the child support section of his office has the case number, Criminal 92–468 stamped all over its

child support files down there. And they are going to know if you miss a payment that you get 10 years.

"*I reserve the right to advance the date for execution of this 10 years* ... if I hear that you [have] run afoul of the law or run afoul of any other order of court between now and that date."

The Commitment Record, issued on May 23, 2001, reflected that Montgomery was sentenced to ten years imprisonment, "concurrent with any other outstanding or unserved sentence and [to] begin on 05/18/04." On May 29, 2001, defense counsel filed a motion to reconsider the sentence pursuant to Maryland Rule 4–345(e)(1).[3] The record does not reflect that the Circuit Court ever ruled upon this motion. A proposed order attached to defense counsel's reconsideration motion contains a handwritten notation stating "No decision," along with the trial judge's signature and the date of June 13, 2001. Montgomery neither sought leave to appeal from the Circuit Court's judgment of May 18, 2001, nor otherwise challenged the court's action at that time.

When Montgomery did not report to the Division of Correction on May 18, 2004, he was "picked up" and incarcerated in the Maryland Correctional Institution, Hagerstown, Maryland. Montgomery thereupon sent a letter to the trial judge who had sentenced him, stating that a mistake had been made. The judge responded as follows:

---

**3.** Maryland Rule 4–345(e)(1) provides:

"(e) **Modification Upon Motion.** (1) Generally. Upon a motion filed within 90 days after imposition of a sentence (A) in the District Court, if an appeal has not been perfected or has been dismissed, and (B) in a circuit court, whether or not an appeal has been filed, the court has revisory power over the sentence except that it may not revise the sentence after the expiration of five years from the date the sentence originally was imposed on the defendant and it may not increase the sentence."

The five-year limitation upon the Circuit Court's authority to revise a sentence under Rule 4–345(e)(1) was not in effect when the sentence in this case was imposed and when the motion under the Rule was filed. At that time, there was no time limitation upon a trial judge's authority under Rule 4–345(e)(1) to revise a sentence.

"Your letter received on May 21 suggests some mistake has resulted in the Division of Correction's considering you to be serving a 10-year sentence in this case.

"Review of the file persuades me that there is no mistake. On May 18, 2001, for violating probation, I ordered into execution 10 years of the suspended sentence effective May 18, 2004. You were told then that I would consider vacating the sentence were you to remain out of trouble during the 3 year interval. The sentence has not been reconsidered and modified and May 18, 2004 has come and gone, so it would appear that the agency's [Division of Correction's] assessment of your status is accurate."[4]

There were further exchanges of letters, the filing of a petition for post conviction relief, and the State's answer, all of which concerned, *inter alia,* the performance of Montgomery's trial counsel and the matter of Montgomery's "behavior" during the three-year period.

Thereafter, represented by new counsel from the Office of Public Defender, Montgomery filed in the Circuit Court for Charles County a "Motion To Correct An Illegal Sentence." The motion asserted that the sentence imposed on May 18, 2001, was an illegal sentence which, under Rule 4–345(a), could be corrected "at any time." Montgomery argued that the three-year deferred reporting date, based on the trial judge's determination that Montgomery would not be imprisoned if he was "of good behavior between now and three years from now," was unauthorized and illegal. The State responded by arguing that the sentence was authorized by Maryland Rule 4–348(d) which, according to the State, "explicitly permits the court to stay a sentence 'upon terms the court deems proper.' " Consequently, the State argued that the May 18, 2001, sentence was not "illegal."

---

4. The record shows that the Division of Correction also believed that a "mistake" had been made, although in a different respect. The Division requested that the trial judge amend the commitment "because . . . the date of sentencing is incorrect" and should be "May 18, 2004." The trial judge wrote to the Division that the original commitment was correct and that there was no need for amendment.

The Circuit Court, without a hearing and without giving reasons, by an order filed on December 19, 2005, denied the motion. Montgomery then appealed to the Court of Special Appeals from the denial of his motion to correct an illegal sentence. Montgomery contended that the sentence was not authorized by any statute or rule and, therefore, was illegal. Montgomery alternatively argued that the Circuit Court acted illegally in ruling on the motion without a hearing to determine whether Montgomery had complied with the "good behavior" condition imposed on May 18, 2001. The State maintained that the sentence was authorized by Maryland Rule 4–348(d), and that, even if it was not authorized, the Circuit Court's error would be merely "procedural" and would not constitute an illegal sentence. The State also argued that the Circuit Court was not required to hold a hearing on the motion. The Court of Special Appeals affirmed, *Montgomery v. State*, 175 Md.App. 639, 643, 931 A.2d 534, 536 (2007), holding

"that by granting appellant (1) a deferred reporting date, and (2) the opportunity to avoid serving 'another day,' the circuit court did not impose an 'illegal' sentence."

Montgomery then filed in this Court a petition for a writ of certiorari, raising essentially two issues: (1) whether the sentence imposed on May 18, 2001, in light of the three-year deferred reporting date and the provision that the sentence would not be served if Montgomery was "of good behavior" for the three years, was unauthorized and constituted an illegal sentence; (2) whether Montgomery was entitled to a hearing on the question of whether he had complied with the condition set forth at the sentencing on May 18, 2001.[5] The State answered by arguing that the May 18, 2001, sentence was authorized by Maryland Rule 4–348(d), that even if the sentence was not authorized by Rule 4–348(d), it did not constitute an "illegal sentence" within the meaning of Rule 4–345(a), and that Montgomery was not entitled to a hearing on the

---

**5.** The first issue, which we have re-worded, was actually framed as two separate issues in the certiorari petition.

issue of whether he had complied with the "good behavior" condition delineated by the trial court on May 18, 2001.

This Court granted the petition for a writ of certiorari, *Montgomery v. State,* 402 Md. 352, 936 A.2d 850 (2007). As previously mentioned, we shall hold that the May 18, 2001, sentence was not authorized by Maryland Rule 4–348(d) and that it constituted an illegal sentence. Consequently, the Circuit Court's judgment of May 18, 2001, will be reversed. The effect of this reversal renders moot the issue of whether Montgomery was entitled to a hearing to determine if he had complied with the condition set forth by the trial court on May 18, 2001. Therefore, the hearing issue need not and will not be reached.

## II.

We shall first address the State's argument that, even if the deferred reporting date, based upon the ground sent forth by the trial judge, was unauthorized, it would not amount to an "illegal sentence" within the meaning of Rule 4–345(a).

This Court in *Evans v. State,* 382 Md. 248, 278–279, 855 A.2d 291, 309 (2004), *cert. denied,* 543 U.S. 1150, 125 S.Ct. 1325, 161 L.Ed.2d 113 (2005), explained the scope of a motion to correct an illegal sentence as follows:

> "[A]s a general rule, a Rule 4–345(a) motion to correct an illegal sentence is not appropriate where the alleged illegality 'did not inhere in [the defendant's] sentence.' *State v. Kanaras, supra,* 357 Md. [170,] at 185, 742 A.2d [508,] at 517 [1999]. A motion to correct an illegal sentence ordinarily can be granted only where there is some illegality in the sentence itself or where no sentence should have been imposed. *See, e.g., Ridgeway v. State,* 369 Md. 165, 171, 797 A.2d 1287, 1290 (2002); *Holmes v. State,* 362 Md. 190, 763 A.2d 737 (2000); *Moosavi v. State,* 355 Md. 651, 662–663, 736 A.2d 285, 291 (1999). On the other hand, a trial court error during the sentencing proceeding is not ordinarily cognizable under Rule 4–345(a) where the resulting sen-

tence or sanction is itself lawful. *Randall Book Corp. v. State,* 316 Md. 315, 323, 558 A.2d 715, 719 (1989)...."

Furthermore, failure to object to an allegedly illegal sentence at the time it was imposed does not preclude a defendant from later raising the issue or later filing a motion to correct an illegal sentence. As held in *Walczak v. State,* 302 Md. 422, 427, 488 A.2d 949, 951 (1985),

> "when the trial court has allegedly imposed a sentence not permitted by law, the issue should ordinarily be reviewed ... even if no objection was made in the trial court. Such review and correction of an illegal sentence is especially appropriate in light of the fact that Rule 4–345(a), formerly Rule 774 a, provides that '[t]he court may correct an illegal sentence at any time.' Thus, a defendant who fails to object to the imposition of an illegal sentence does not waive forever his right to challenge that sentence."

*See, e.g., State v. Wilkins,* 393 Md. 269, 273, 900 A.2d 765, 767 (2006) ("The court correct an illegal sentence is appealable"); *Evans v. State,* 389 Md. 456, 463, 886 A.2d 562, 565 (2005), *cert. denied,* 546 U.S. 1219, 126 S.Ct. 1442, 164 L.Ed.2d 141 (2006) (" '[A] motion to correct an illegal sentence historically was entertained only where the alleged illegality was in the sentence itself or the sentence never should have been imposed,' " quoting *Baker v. State,* 389 Md. 127, 133, 883 A.2d 916, 919 (2005)); *Jones v. State,* 384 Md. 669, 678–679, 866 A.2d 151, 157–161 (2005); *Coles v. State,* 290 Md. 296, 303, 429 A.2d 1029, 1032 (1981) ("A trial court clearly has the authority and responsibility to correct an illegal sentence at any time, ... and the refusal to do so, no matter when the correction request is made, is appealable").

In the case at bar, the State argues that the deferred reporting date, based on and contingent upon Montgomery's future "good behavior," was at most "only a procedural error," that "there is no inherent illegality in the sentence imposed," and that, therefore, "this is not an illegal sentence" for purposes of Rule 4–345(a). (Respondent's brief at 7–8). We disagree.

The trial judge at sentencing set forth the sentence as follows: "[t]he disposition Mr. Montgomery is 10 years of the 20 year balance of the sentence in this case is hereby ordered executed effective at 9 a.m. on May 18th of 2004. That is three years from today." After terminating the "interest of the Maryland Division of Parole and Probation" and stating that he would "table" defense counsel's motion to revise the sentence, the trial judge continued: "if you are of good behavior between now and three years from now I will reconsider it and vacate it and not make you serve another day." The judge also "reserve[d] the right to advance the date for execution" if he heard that Montgomery had run "afoul of the law." The record contains no indication that the trial judge committed a "procedural" error leading up to or during the course of the sentencing. Instead, the three-year deferred reporting date, and the contingencies, were an integral part of the sentence itself. This is confirmed by the docket entries for May 18, 2001, which state in pertinent part:

"Court orders 10 years of sentence into execution to DOC to date from 5/18/04 at 9:00 am; credit to be given for 55 days time served.

Court closes probation and refers outstanding costs to Central Collection.

Court reserves right to accelerate sentence."

The Commitment Record issued on May 23, 2001, also states that Montgomery's imprisonment was to "begin on 05/18/04."

Moreover, under this Court's opinions, similar conditions or determinations imposed at sentencing, which might qualify or modify the time and extent of imprisonment, have been regarded as part of the sentence for purposes of Rule 4–345(a) or its predecessor rules.

Thus, in *State ex rel. Sonner v. Shearin*, 272 Md. 502, 520–527, 325 A.2d 573 (1974), the Court held that an unauthorized suspension of part of an otherwise lawful sentence constituted an "illegal sentence" under the predecessor to Rule 4–345(a), that the issue was properly raised by a motion to correct an illegal sentence after the time for appeal expired, and that the

trial court's refusal to correct the illegal sentence was appealable. In *State v. Wooten*, 277 Md. 114, 352 A.2d 829 (1976), the defendant was convicted of first degree murder. The trial judge sentenced the defendant to life imprisonment, which was the only penalty authorized for the crime at that time, and then suspended the serving of all except the first eight years. This Court held that a motion to correct an illegal sentence was the proper vehicle for the State's challenge of the trial judge's authority to suspend all but eight years, and that the trial court's denial of the motion was appealable. We affirmed on the merits, holding that the trial judge's action was authorized.

The defendant in *Coles v. State, supra,* 290 Md. 296, 429 A.2d 1029, was convicted on seven counts of welfare fraud and was sentenced to serve ten years imprisonment for each conviction, with the sentences to run concurrently. The serving of all but 179 days was suspended with the defendant being placed on probation for four and one-half years upon certain conditions. The defendant "acquiesced" in the sentence and did not appeal. About seven months later, the State filed a petition seeking revocation of the defendant's probation because he had violated a condition of probation. A hearing was held, and the trial court revoked the defendant's probation, ordering that he serve the balance of his sentence. This Court held that the legality of the original condition of probation could be raised by a motion to correct an illegal sentence, and that the trial court's denial of the motion was appealable. *See Benedict v. State*, 377 Md. 1, 12, 831 A.2d 1060, 1066 (2003) (Holding that a court, in revoking probation, "had no authority to direct execution of any part of the [original sentence] that was previously unsuspended," and "revers[ing] the order denying appellant's motion to correct [an] illegal sentence"). *See also Cathcart v. State,* 397 Md. 320, 326–330, 916 A.2d 1008, 1012–1014 (2007).

Therefore, if the deferred reporting date, with the announced contingencies dependent upon Montgomery's "behavior," was unauthorized, the sentence would constitute an "illegal sentence" within the meaning of Rule 4–345(a).

### III.

██ The petitioner Montgomery argues that the May 18, 2001, sentence, which he labels a "springing sentence," was not authorized by Maryland's "mere 'deferred reporting date'" under Rule 4–348(d), that the trial court "in effect, imposed a *de facto* period of unsupervised probation, because it conditioned the continued execution of sentence on Mr. Montgomery's continuing 'good behavior,'" and that this "de facto" probation violated the statutory provisions, rules and case law governing the suspension of sentences and probation. (Petitioner's brief at 9–12). The State, in the trial court, the Court of Special Appeals, and this Court, has consistently maintained that, in imposing the May 18, 2001, sentence, the trial judge "exercised his discretion pursuant to Maryland Rule 4–348(d)." (Respondent's brief at 9). The State seems to view the trial court's discretion under that Rule as "'virtually boundless.'" (*Ibid.*).

It is clear that the trial judge on May 18, 2001, neither placed Montgomery on probation nor purported to place him on any type of probation. Furthermore, the trial judge expressly terminated the probation that Montgomery had been on. No form of probation, under the Maryland statutes and rules, is involved in this case. Regardless of how one might categorize or label the May 18, 2001, sentence, the issue in this case is whether that sentence was authorized by Maryland Rule 4–348(d). Neither the State nor the courts below have ever relied on any ground other than Rule 4–348(d) as authority for the sentence.

The State's argument appears to place no limit on the number of years which a defendant's prison reporting date can be deferred by a trial court acting pursuant to Rule 4–348(d). Presumably a trial court may defer a convicted defendant's prison reporting date for 5, 10 or more years. The State also places no limitations upon the grounds or reasons for a trial court to defer for several years a prison reporting date. In our view, a trial court's authority under Rule 4–348(d) is not so sweeping.

Under the common law, trial judges had the authority to defer, for a limited period of time and for limited reasons, the date when a defendant should begin serving his or her sentence. Some examples often given were when a female defendant was pregnant or when a defendant desired an opportunity to apply for executive clemency. *See, e.g., Ex parte United States,* 242 U.S. 27, 42–45, 37 S.Ct. 72, 74–75, 61 L.Ed. 129 (1916); Bk. 4, Sir William Blackstone, *Commentaries On The Laws of England,* Ch. 31 (6th ed. 1775); Lester Bernhart Orfeld, *Criminal Procedure,* at 528–529 (1947). The three-year sentence deferment by the trial judge in the instant case, for the reasons set forth by the trial judge, would not be sanctioned under common law principles (*see Ex parte United States, supra,* and *United States v. Lynch,* 259 F. 982 (S.D.Ala.1919)), and the State makes no effort to do so. Instead, as previously pointed out, the State relies entirely on Maryland Rule 4–348(d).

Maryland Rule 4–348(d) was initially adopted by the Court of Appeals on January 31, 1977, to be effective July 1, 1977. It was part of a general revision of the Criminal Procedure Rules. What is now Rule 4–348(d), as adopted in 1977, was the second sentence of former Rule 778a, which, like present Rule 4–348, dealt with the staying of sentences pending appeal. Former Rule 778 provided as follows (the sentence constituting present Rule 4–348(d) is italicized):

"**Rule 778. Appeal—Stay of Execution of Sentence— Condition of Appeal Bond.**

"a. *Sentence Stayed by Appeal or Appellate Review.*

An appeal or the filing of a petition for writ of certiorari to any appellate court, including the Supreme Court of the United States, stays a sentence of death, or a sentence of imprisonment if the defendant is released pursuant to Rule 776 (Release After Conviction). *Any other sentence or order or condition of probation may be stayed upon terms the court deems proper.*

"b. *Condition of Appeal Bond.*

The condition of any bond taken pursuant to a condition imposed under this Rule pending appeal shall be that the defendant shall prosecute his appeal according to law and shall surrender himself to serve any sentence imposed or appear for further proceedings as directed; and that the bond shall continue until discharged by order of the trial court."

The new 1977 Criminal Rules were drafted by a Subcommittee of this Court's Standing Committee on Rules of Practice and Procedure, and the late Fred Warren Bennett, a prominent member of the Maryland Bar, was a consultant to the Subcommittee. In a Maryland Bar Journal article on the new 1977 rules, Mr. Bennett explained new Rule 778 as follows (Fred Warren Bennett, *An Overview of the New Maryland Criminal Rules,* The Maryland Bar Journal 26, 34 (Summer 1977) (emphasis added)):

**"Appeal—Stay of Execution**

"New Rule 778 replaces old Rule 781 which dealt with the staying of a fine pending an appeal.

"New Rule 778a. provides that an appeal or the filing of a petition for writ of certiorari to any appellate court or the Supreme Court of the United States stays a sentence of death or a sentence of imprisonment if the defendant is released on bond pending appeal. The Rule also provides that any other sentence or order of condition of probation may be stayed upon terms that the court deems proper. Thus, new Rule 778a. specifically authorizes a court to enter an order postponing the date on which a sentence is to begin even if the defendant does not plan on filing an appeal or if a defendant is not released on bond pending an appeal. This provision should not be overlooked in those cases in which a *defendant has personal, financial or other commitments that need to be taken care of after a sentence of imprisonment is imposed.* This procedure is frequently followed in federal courts in those cases involving white collar crime."

Consequently, the purpose of the second sentence of former Rule 778 a, which is now Rule 4–348(d), was to authorize a trial judge to defer a convicted defendant's prison reporting date so that the defendant could "take[ ] care of" his or her "personal, financial or other commitments." This would include such things as winding up business affairs, making arrangements for the care of children or other dependents, etc. The original placement of the new provision, in the Rule dealing with stays pending appeal, is a strong indication that the authorized deferral of the prison reporting date was not intended to be for a multi-year or indefinite period. The purpose of the provision was not to allow a trial judge to monitor the defendant's behavior for several years.

If a trial judge decides that a convicted defendant's behavior should be monitored or controlled, and that a period of good behavior should result in reduced time or no time in prison, the judge may proceed under the statutes and rules relating to suspension and probation. *See* Maryland Code (2001), §§ 6–219 through 6–226 of the Criminal Procedure Article; Maryland Rules 4–346 and 4–347. The trial judge in the present case, however, did not proceed under these provisions and did not place the defendant on probation.

Since the trial judge's action was not authorized by Rule 4–348(d), the sentence imposed was illegal.

*JUDGMENT OF THE COURT OF SPECIAL APPEALS REVERSED AND CASE REMANDED TO THAT COURT WITH DIRECTIONS TO REVERSE THE JUDGMENT OF THE CIRCUIT COURT FOR CHARLES COUNTY AND REMAND THE CASE TO THE CIRCUIT COURT FOR FURTHER PROCEEDINGS NOT INCONSISTENT WITH THIS OPINION. COSTS IN THE COURT OF SPECIAL APPEALS AND IN THIS COURT TO BE PAID BY CHARLES COUNTY.*